[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SPECIAL FINDINGS AND MOTION FOR ARTICULATION
CT Page 808
The first request of the plaintiff is for this court to make additional special findings contained in subparagraphs (a) through (l) inclusive. This court declines to make such findings, since the requested special findings are not material to the disposition of the issues in this case.
As requested in that portion of the motion concerning articulation, the court will address the question as to whether plaintiff's termination was as a result of some improper means, an issue that was not addressed in the court's original memorandum of decision dated July 25, 1997. In that memorandum, this court did address the issue of improper motive and found no improper motive proven.
For the plaintiff to be successful on this second issue, the plaintiff must prove that the actions of Ms. Rourke were in fact tortious, by the use of improper means.
 [A] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself.
Top Service Body Shop, Inc. v. Allstate Ins. Co., 283 Or. 201,209, 582 P.2d 1365 (1978).
For the plaintiff successfully to prosecute his action based on use of improper means by Ms. Rourke, he must prove that her conduct was in fact tortious.
 Methods tortious in themselves are of course unjustified and liability is appropriately imposed where the plaintiff's contract rights are invaded by violence, threats and intimidation, defamation, misrepresentation, unfair competition, bribery and the like.
Prosser and Keeton on Torts, 5th Ed. 1984, 129, p. 992.
 Commonly included among improper means are violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation or falsehood.
Top Service Body Shop, Inc. v. Allstate Ins. Co., supra, n. 11. CT Page 809
The two foregoing citations represent the most inclusive definitions of the term "improper means." Thus, the issue before this court is to determine from the evidence presented by the parties if the plaintiff has sustained his burden of proving that Ms. Rourke "wrongfully caused Mr. Bria to be terminated by the Ventana Corporation" by improper means.
As this court found in its memorandum of decision dated July 25, 1977, the actions of Ms. Rourke were motivated by her expectation of a higher standard of performance than required under the plaintiff's contract. She certainly persuaded Mr. Cratty to discharge the plaintiff for her perceived shortcomings of the plaintiff, but the plaintiff has failed to sustain his burden of proof that her actions were "wrongful by some measure beyond the fact of the interference itself." None of the improper means listed in the citations above can be attributed to Ms. Rourke's actions in this case.
The court reiterates that there being no tortious conduct proven as to Ms. Rourke, the question of whether she was an agent of URI need not be decided.
For the foregoing reasons, the court reaffirms its decision of July 25, 1997 in this matter.
Stodolink, J.